PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.
GUARANTY TRUST CO. OF NEW YORK v. METROPOLITAN ST. RY. CO. MORTON TRUST CO. v. SAME.

(Circuit Court, S. D. New York. October 8, 1909.)

STREET RAILROADS (§ 58*)—INSOLVENCY—MANAGEMENT OF PROPERTY BY RECEIVERS.

Receivers of an insolvent street railroad company directed to continue temporarily to pay rental for a leased line, although exorbitant, but without adopting the lease, and without prejudice to any future action respecting such lease.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 135; Dec. Dig. § 58.*]

In Equity. Suits by the Pennsylvania Steel Company against the New York City Railway Company and others, and by the Guaranty Trust Company of New York and by the Morton Trust Company,

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

respectively, against the Metropolitan Street Railway Company. On motion to instruct receivers.

See, also, 171 Fed. 1019.

Byrne & Cutcheon, for Pennsylvania Steel Co.

James L. Quackenbush, for New York City Ry.

Masten & Nichols, for receivers of Metropolitan St. Ry.

J. Parker Kirlin, for Metropolitan St. Ry.

Davies, Stone & Auerbach, for Guaranty Trust Co.

Dexter, Osborn & Fleming, for receiver of New York City Ry. Co.

Bronson Winthrop, for Morton Trust Co.

LACOMBE, Circuit Judge. The rent reserved under this lease, 18 per cent. upon the outstanding capital stock, may have been reasonable when the lease was executed, but under existing conditions it is grossly exorbitant. The court is not without hope that before many months the property may pass out of receivers' hands upon sale or otherwise, and it would seem very unwise for them to incumber with any such burden for the future. If petitioner thinks it can show that there are some special reasons why the system should retain this particular road, even at a preposterous price, it may take an order sending the matter to a special master to take testimony. The papers submitted on this motion are not convincing.

In the interim between now and foreclosure sale and subsequent delivery, the receivers may continue paying the stipulated rental, without adopting the lease, and without prejudice to any subsequent motion by any party interested to disaffirm the lease, unless the rental be reduced.

The motion is denied.